IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 99-cr-40007-004 JPG ) |
| ESSIL A. ROGERS, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Essil A. Rogers's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 189). The Court appointed counsel for Rogers, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 192). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 196). Rogers has also responded. In addition, Rogers has filed a Motion for Transcripts (Doc. 199).

Rogers was convicted by a jury of one count of conspiracy to possess with intent to distribute crack cocaine. At sentencing, the Court found that Rogers's total offense level was 32 and his criminal history category was IV. This yielded a sentencing range of 168 to 210 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Rogers's statutory minimum sentence was 20 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became 240 months. Rogers now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, No. 08-9042, 77 U.S.L.W. 3558 (U.S. Apr. 6, 2009).

Rogers cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Rogers was sentenced based on

2

his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 240 months. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Rogers cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 192) and **DISMISSES** Rogers's motion for a sentence reduction (Doc. 189) for **lack of jurisdiction**. The Court further **DENIES** Rogers's motion for transcripts (Doc. 199). The Clerk is **DIRECTED** to mail a copy of this order to Defendant Essil A. Rogers, #04644-025, FPC-Marion Satellite Camp, P.O. Box 1000, Marion, IL 62959

**IT IS SO ORDERED.**
**Dated this 28th day of May, 2009.**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**