IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                                           No.   99-cr-40007-04-JPG

ESSIL A. ROGERS,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Essil A. Rogers' *pro se* motion (Doc. 207) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 177).  The Government has not responded to the defendant's motion.  Also before the Court is a Motion to Withdraw as Attorney (Doc. 210).

On August 18, 1999, a jury found Mr. Rogers guilty of one count of conspiracy to possess with intent to distribute crack cocaine.  At sentencing, the Court determined Rogers' total offense level was 32 with a criminal history category of IV.  This yielded a sentencing range of 168 to 201 months.  However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Rogers' statutory minimum sentence was 240 months.  Consequently, pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became 240 months and the Court imposed the statutory minimum sentence of 240 months.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1,

2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).   Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on a mandatory minimum sentence, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for

2

obtaining a sentence reduction, the Court **DENIES** Defendant's Pro Se Motion (Doc. 207) and **GRANTS** Motion to Withdraw as Attorney (Doc. 210) and **ORDERS** that counsel Melissa A. Day is **WITHDRAWN** from this matter.   The Court **DIRECTS** the Clerk of Court to send a copy of this order to Essil A. Rogers, USP Marion, P.O. Box 1000, Marion, Illinois 62959.

**IT IS SO ORDERED.**

**DATED:   February 24, 2015**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**